## SUMMIT HOLDING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13836.   Promulgated April 12, 1928.

*John Gerosa* for the petitioner.

*J. E. Marshall, Esq.*, and *Maurice Parshall, Esq.*, for the respondent.

515

OPINION.

Morris: At the hearing of this proceeding the respondent's counsel conceded that the petitioner was entitled to a further depreciation deduction of $2,593.31, which is substantially the entire amount originally disallowed by him. Since no appearance was made for the petitioner at this hearing, and no evidence was offered in justification of a further amount, the adjustment conceded by the respondent is approved.

The second allegation of error urged by the petitioner is that the respondent incorrectly disregarded the sum of $39,300 standing to the credit of John and Anthony Gerosa in its books of account at December 31, 1921, in the computation of invested capital. The petitioner urges the inclusion of that amount in its invested capital for the taxable period under consideration on the ground that it represented advance payments on its capital stock issued in May, 1922.

The question of including sums similar to those here under consideration in the computation of invested capital has been many times considered and passed upon by this Board, and certain definitely settled principles have been evolved. In *Fort Wayne Engineering & Manufacturing Co.*, 2 B. T. A. 1223, the Board adduced the following rules from *Warren-Lamb Lumber Co.*, 1 B. T. A. 786, and *Middleton Compress & Warehouse Co.*, 1 B. T. A. 1145: (1) That where advances are made to a corporation for which stock is later issued, without other evidence, they become invested capital only from the time the stock is issued therefor; and (2) that where advances are made with the express understanding that they are

to be additions to capital for which stock is to be issued, they become invested capital from the time paid in.

Therefore, in order for the petitioner to prevail in its contention, there must have been an express understanding at or about the time these advances were made that they were to be additions to capital, and that stock would, in fact, be issued therefor.

We find in the deposition that the amount in question was actually advanced to the petitioner and was used in its business, but we find nowhere in the record evidence of an express, or even tacit, understanding between the petitioner and John and Anthony Gerosa that said advances were to be additions to capital for which stock was to be issued.

The petitioner's witness was asked how the sums in question were considered by the petitioner, and he replied, "It was considered as capital * * * as advance on account of capital stock to *be subscribed on a later date*." The explanation accompanying the book entry of May 5, 1922, recording the subscription to the petitioner's stock by John and Anthony Gerosa, reads, "To record payment on stocks subscribed by John Gerosa 500 shares, Anthony Gerosa 500 shares, in payment of *loan due them by Company* per minutes May 5, 1922."

Notwithstanding no interest was paid the Gerosas on the balances of their accounts, in the light of the testimony of the petitioner's witness, that the amounts advanced were for stock "to be subscribed on a *later* date," and the word "loan" as used in the book entry of May 5, 1922, recording the subscription of stock, we are constrained to believe that the amount of $39,300 was considered by all concerned as a loan to the petitioner up to December 31, 1921.

The petitioner relies strongly upon *Middleton Compress & Warehouse Co., supra.* We believe, however, that the two cases are clearly distinguishable in that there the Board found that the evidence "conclusively" proved that the taxpayer had planned to increase its plant and that the company advanced the funds for the purpose of purchasing the property to be acquired and, furthermore, that "it was understood and agreed by all parties in interest that the funds so advanced should be an addition to the capital of the taxpayer company, and that immediately thereafter the necessary steps were taken which authorized the issuance of additional capital stock." We believe, therefore, that the instant case is entirely different.

We are of the opinion that the respondent correctly disregarded the amount of $39,300 in the determination of invested capital for 1921.

*Judgment will be entered on 15 days' notice, under Rule 50.*